**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DARYL C. PRYOR, 1173665,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:05-CV-2102-G** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN,** | ) | |
| **Director TDCJ-CID,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

**I.  Procedural Background**

On May 23, 2003, Petitioner was convicted of assault on a public servant and attempting

to take a weapon from a peace officer, enhanced by two previous felonies.  *State of Texas v.*

*Daryl C. Pryor*, Nos. F-03-00730-WL and F03-00731-WL (363rd Jud. Dist. Ct., Dallas County,

Tex., May 23, 2003).  Petitioner was sentenced to thirty-seven years on the assault charge and

twenty years on the weapon charge.  On April 6, 2004, the Fifth District Court of Appeals

affirmed Petitioner's convictions.  *Pryor v. State*, Nos. 05-03-00794-CR and 05-03-00794-CR

(Tex. App. – Dallas, April 6, 2004).  On October 4, 2004, the Court of Criminal Appeals denied

the petition for discretionary review.  *Pryor v. State*, P.D.R. No. 640-04.  Petitioner did not file a

state petition for writ of habeas corpus.

On October 5, 2005, Petitioner filed this federal petition.  He argues:

(1)    He was denied due process because the court's jury charge:

      (a)    instructed the jury that "intent" could be inferred from acts done, words

            spoken or both;

      (b)    defined "reasonable doubt";

      (c)    omitted a mandatory statutory instruction;

      (d)    failed to define "criminal attempt";

(2)    The trial court abused its discretion in failing to exclude evidence of his prior

convictions during punishment on that ground that he received untimely notice of

the enhancement paragraphs; and

(3)    The evidence is factually insufficient to support the conviction.

## II.  Discussion

### 1.    Factual Background

The following factual background is taken from the opinion of the Fifth District Court of

Appeals.

      In this case, the evidence showed that on October 5, 2002, Officer Michael
Lambert and his partner, Officer Doug Craig, were on patrol in a marked squad car when
they turned onto Pueblo Street in south Dallas.  Both officers were in full uniform.
Lambert testified that he used to work the area and had made numerous drug arrests
there.  Lambert saw two men, one of whom was [Petitioner], standing together under a
group of trees.  Lambert saw [Petitioner] walk away, then throw something on the
ground.  Lambert told Craig to speed up so he could catch [Petitioner].  When they
reached [Petitioner], Lambert jumped out of the car, put [Petitioner's] hand on the hood
of the car, and began to pat him down.  Lambert found a small blue baggy containing a
white, rock-like substance.  Craig asked [Petitioner] his name.  The officers returned to
the car to run the name [Petitioner] had given them through the computer.  Because the
name would not pull up, Craig asked [Petitioner] for his real name. [Petitioner] responded
it was his name and asked why they were bothering him.  He then turned and ran.

Officer Lambert chased [Petitioner], saying, "Stop. Police." When he cornered [Petitioner] in an alleyway, [Petitioner] tried to climb a fence. Lambert tackled him and pulled him down. [Petitioner] then began to kick and punch Lambert. The officer fell into a barbed wire fence, cutting his skin repeatedly. He sprayed [Petitioner] with mace, but [Petitioner] took off his shirt and ran away a second time. Lambert chased [Petitioner] and found him under a nearby house. Lambert drew his gun in his right hand and ordered [Petitioner] to come out. After several minutes, [Petitioner] came out from under the house. With one hand, he grabbed Lambert's right hand. His other hand grabbed Lambert's right arm. [Petitioner] began bending the gun toward Lambert and said, "I'm not going back . . . I'll kill you." Lambert struggled with [Petitioner] and decided to fire his gun. Although the sound of the gun briefly stunned [Petitioner], he lunged at the officer and continued to fight. Officer Craig arrived and attempted to help subdue [Petitioner]. When other officers arrived, [Petitioner] was finally subdued and handcuffed. Lambert had numerous cuts where [Petitioner] had pushed him into a barbed wire fence. A portion of the barbed wire lodged in Lambert's wrist causing it to swell. His right index finger was swollen and had to be splinted at the hospital.

*Pryor*, slip op. at 4-5.

2. **Standard of Review**

The pertinent terms AEDPA state:

(d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ

of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United

States Supreme Court on a question of law or if the state court decides a case differently from the

United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*,

529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may

grant a writ of habeas corpus if the state court identifies the correct governing legal principle

from the United States Supreme Court's decisions, but unreasonably applies that principle to the

facts of the prisoner's case. *Id.*

This amendment applies to all federal habeas corpus petitions which are adjudicated on

the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this

case is subject to review under the AEDPA.

### 3.       Factual Insufficiency

Petitioner claims the evidence was factually insufficient to support the conviction. Under

Texas law, intermediate appellate courts have the authority to review fact questions in criminal

cases. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency"

review of the evidence is broader than a "legal sufficiency" challenge under *Jackson v. Virginia*,

443 U.S. 307 (1979). Instead of viewing the evidence in the light most favorable to the

prosecution and determining whether "any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt," a factual insufficiency inquiry views all the

evidence to determine whether the verdict "is so contrary to the overwhelming weight of the

evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, 3:00-CV-1713-H, 2001 WL

1115339 at *13 (N.D. Tex. Sept. 14, 2001) (quoting *Clewis*, 922 S.W.2d at 128-29).

The power of state appellate courts to review the factual sufficiency of the evidence

derives from Texas statutory and constitutional authority. *Id.* at *14 (citing *Clewis*, 922 S.W.2d

at 129-30; *Bigby v. State*, 892 S.W.2d 864, 874-75 (Tex. Crim. App. 1994)). There is no

corresponding right of review under the United States Constitution. *Id.* Consequently, a claim

based on factual insufficiency does not implicate a federal constitutional right and is not

cognizable under § 2254.  (*See Warren v. Cockrell*, 3:02-CV-1441-P, 2002 WL 32167729 at *2 (N.D. Tex. Dec. 30, 2002); *Cupples v. Cockrell*, 3:01-CV-289-L, 2002 WL 1155826 at *5 (N.D. Tex. May 29, 2002)).[1]

**4.     Procedural Bar**

Petitioner argues he was denied due process when the trial court failed to exclude evidence of his prior convictions during the punishment phase.  Petitioner argues the state did not provide timely notice that it intended to enhance his punishment.  Respondent argues this claim is procedurally barred.

Petitioner raised this claim on direct review.  The appellate court found that he waived this claim because he failed to timely object at trial.  *Pryor*, slip op. at 11.  Thus, in denying relief, the state court relied on a state procedural default.[2]  If a state court has declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, such as filing a petition for discretionary review, the procedural bar applies.  *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).  Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a

---

[1]Even if this Court construed Petitioner's claim as one of legal insufficiency, such a claim was not raised in the Texas Court of Criminal Appeals in either a petition for discretionary review or in a state habeas application.  Thus, a legal insufficiency claim would be unexhausted and procedurally barred from review by this Court.

[2]Although the appellate court considered the merits of the claim in the alternative, the claim is procedurally barred on federal habeas review.  *See Sawyers v. Collins*, 986 F.2d 1493, 1499 (5th Cir. 1993) ("[W]here a state court finds that a federal claim is procedurally barred, but goes on to reach the merits of that claim in the alternative, the state court's reliance on the procedural default still constitutes an independent and adequate state ground which bars federal habeas review.").

petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his procedurally defaulted claim.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's claim.

**5.      Due Process**

(a) Reasonable Doubt Instruction

Petitioner argues he was denied due process because the jury charge defined the term "reasonable doubt," which confused the jurors into applying a reduced burden of proof. The jury charge stated:

> It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all reasonable doubt concerning the defendant's

guilt.

(Court Record F03-00730 and F03-00731 at 7).

Improper jury instructions in state criminal trials "do not generally form the basis for federal relief."  *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002) (citing *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991)).  Further, the Constitution "neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course."  *Victor v. Nebraska*, 511 U.S. 1, 5 (1994).  "Indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, . . . the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof."  *Id.* (citations omitted).

The question on federal habeas review is "whether the ailing instruction by itself so infected the entire trail that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned."  *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (citations omitted); *Kinnamon v. Scott*, 33 F.3d 462, 465 (5th Cir. 1994).  The Court must determine whether the instruction, "by itself so infected the entire trial that the resulting conviction violates due process."  *Galvan*, 293 F.3d at 764-65 (citation omitted).

In this case, the state court instructed the jury as follows:

In all criminal cases, the burden of proof is on the State.  All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.  The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after a careful and impartial consideration of all the

evidence in the case.

> The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

> It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

> In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit the defendant and say by your verdict "not guilty."

(Court Record F03-00730 at 7 and F03-00731 at 6-7).

On direct review, the appellate court found that: "[T]he complained-of language in this charge does not define what is meant by reasonable doubt.  Rather, it instructs the jury that it is the State's burden to prove beyond a reasonable doubt the elements of the crime for which appellant was charged."  *Pryor*, slip op. at 7.

The Court finds that Petitioner has presented no evidence that the jury charge used constitutionally prohibited language or led the jury to apply the instruction in a way that violated the Constitution – that is, lessened the state's burden of proof.  Petitioner has not shown that the state court's denial of relief is contrary to or an unreasonable application of clearly established Supreme Court law.

### (b) Mandatory Presumption

Petitioner argues that the following statutory instruction amounted to a mandatory presumption that lessened the state's burden of proof on an essential element of assault of a public servant:

> A person is presumed to have known the person assaulted was a public servant if he or she was wearing a distinctive uniform indicating his or her employment as a public

servant.

(Court Record F03-00730 at 6).

Petitioner complains that Texas law requires the following instruction be submitted in conjunction with the above instruction:

(A)     that the facts giving rise to the presumption must be proved beyond a reasonable doubt;

(B)     that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but is not bound to so find;

(C)     that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D)     if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

Tex. Penal Code Ann. § 2.05(2).

There is no constitutional provision, however, that requires the language mandated by Texas Penal Code § 2.05.  Thus, failure to submit this language to the jury does not raise a cognizable issue for federal habeas review.  *Hill v. Johnson*, 210 F.3d 481, 491 (5th Cir. 2000) ("The Supreme Court has repeatedly stated that . . . a violation of [state law] is not the concern of a federal habeas court.").

To the extent that Petitioner argues that the presumption that was submitted to the jury created a mandatory presumption that lessened the state's burden of proof, he fails to show that the instruction rendered his trial fundamentally unfair.

On direct appeal, the court stated:

The undisputed evidence showed that Officer Lambert was in full uniform and in a marked police vehicle when he approached [Petitioner].  Lambet's partner was also in

full uniform.  The State introduced into evidence photographs taken on the day of the offense of Lambert and Craig.  The photographs show both officers in police uniform and also depict the marked squad car they were driving.  The evidence also shows Lambert told [Petitioner], "Stop.  Police."  Furthermore, [Petitioner] testified that Lambert and Craig were police officers.  Thus, the jury had the opportunity to view and assess first hand the distinctiveness of the officer's attire and the marked police vehicle as well as consider undisputed testimony (including [Petitioner's] own testimony) that Lambert was clearly identifiable as a police officer that day.

*Pryor*, slip op. at 8.

Viewing the charge as a whole and in the context of the trial, there is no reasonable likelihood that the jury applied the instruction in a constitutionally impermissible way. Petitioner has failed to show that the state court's denial of this claim is contrary to or an unreasonable application of clearly established Supreme Court law.

(c) Criminal Attempt

Petitioner argues he was denied due process when the jury charge failed to include a definition of criminal attempt.  He states that the judge should have given the definition set forth in section 15.01 of the Texas Penal Code.[3]

Federal habeas corpus relief is available only for the vindication of rights existing under federal law.  *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).  When there has been

---

[3]Section 15.01 defines criminal attempt as follows:
(a)   a person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.
(b)   If a person attempts an offense that may be aggravated, his conduct constitutes an attempt to commit the aggravated offense if an element that aggravates the offense accompanies the attempt.
(c)   It is no defense to prosecution for criminal attempt that the offense attempted was actually committed.
(d)   An offense under this section is one category lower than the offense attempted, and if the offense attempted is a state jail felony, the offense is a Class A misdemeanor.

a violation of state procedure, the proper inquiry is whether there has been a violation of the

defendant's due process rights that would render the trial as a whole fundamentally unfair. *Id.*  It

is not the function of the federal habeas court to review the interpretation of state law by a state

court. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).  Petitioner's claim of a state law

violation is not cognizable on federal habeas review.  *Manning*, 786 F.2d at 711.

Additionally, the state appellate court found that the crime of Taking or Attempting to

Take a Weapon from a Peace Officer,

> includes as enumerated offenses both taking *and* attempting to take a firearm from a
> peace officer. Tex. Pen. Code Ann. § 38.14(b) (Vernon 2003).  This section also defines
> the "attempt to take" as a lesser included offense and mandates a lesser penalty.  Tex.
> Pen. Code Ann. § 38.14(e).  Because section 38.14 specifically provides for both the
> offense and the attempted offense, it is not necessary to invoke the criminal intent
> language found in section 15.01 to charge a person with attempting to take a peace
> officer's gun.

*Pryor*, slip op. at 9.

Petitioner has failed to show that the state court's denial of this claim is contrary to or an

unreasonable application of clearly established Supreme Court law.

(d) Intent

Petitioner argues the trial court erred by instructing the jury that intent could be "inferred

from acts done, words spoken, or both."  He argues this instruction was a comment on the weight

of the evidence.  The Texas Court of Criminal Appeals has held that such an instruction

"marginally falls on the wrong side of the 'improper judicial comment' scale because it is simply

unnecessary and fails to clarify the law for the jury."  *Brown v. State*, 122 S.W.3d 794, 802 (Tex.

Crim. App. 2003).  The court, however, went on to hold that the instruction was so "benign" that

no harm resulted.  *Id.* at 803.  In this case, the appellate court likewise found that "the instruction

was benign and harmless." *Pryor*, slip op. at 6.

To the extent that Petitioner has alleged a federal constitutional violation, the Court finds that the challenged instruction was harmless and did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). Petitioner's claim should be denied.

**6.      Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 21st day of November, 2006.



_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).